UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTHUR A. HOAK<br><br>            Petitioner,<br><br>   v.<br><br>STATE OF IDAHO,<br><br>            Respondent. | Case No. 1:09-cv-0409-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus action is Respondent State of Idaho's Motion for Summary Dismissal. (Dkt. 22). Petitioner failed to file a response within the time period set forth in the Court's Order dated August 8, 2011. (Dkt. 21). Nonetheless, the Respondent's Motion is ripe for consideration. Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Having reviewed the Respondent's briefing, the record, and the state court record, the Court finds that disposition of the Motion would not be aided by oral argument. Accordingly, the Court enters the following Memorandum Decision and Order.

## BACKGROUND

Petitioner was charged with three counts of burglary, two counts of grand theft, and one count of petit theft. (State's Lodging A-1, pp. 24-26). Pursuant to a plea

**MEMORANDUM DECISION AND ORDER- 1**

agreement dated July 7, 2006, Petitioner pled guilty to one count of burglary and one count of grand theft. (State's Lodging A-1, pp. 33-38). Petitioner was sentenced to fourteen years, with the first ten years fixed for grand theft, and a concurrent ten year sentence for burglary.[1] (State's Lodging A-1, pp. 41-44). The judgment of conviction was entered on July 16, 2006.

Petitioner filed a motion for correction or reduction of sentence under Idaho Criminal Rule 35 (State's Lodging A-1, pp. 61-68, 83-85), which the state court denied. (State's Lodging A-1, pp. 86-89). Petitioner also filed a direct appeal (State's Lodging A-1, pp. 45-49) to challenge the "excessive sentence" he received following the plea agreement. (State's Lodging B-1, p. 1). The Idaho Court of Appeals affirmed the judgment of conviction and sentences. (State's Lodging B-4). Petitioner did not file a petition for review with the Idaho Supreme Court. As a result, the Court of Appeals issued its remittitur on September 17, 2007. (State's Lodging B-5).

Seven months later, on April 16, 2008, Petitioner filed a petition and affidavit for post conviction relief in the state district court. (State's Lodging C-1). Petitioner was appointed counsel (State's Lodging C-3), and the state filed an answer in response to the petition. (State's Lodging C-7). On August 27, 2008, a hearing was held on Petitioner's petition to address the sole issue of "ineffective assistance of counsel based upon the Petitioner's assertion that the plea bargain was violated and that he received a greater

---

[1] Petitioner has an extensive criminal record dating back to the 1970s, including several convictions for similar crimes. (State's Lodgings A-3, 08/06/06 PSI, pp. 2-3; A-5, 11/22/95 PSI, pp. 2-6).

**MEMORANDUM DECISION AND ORDER- 2**

sentence than the attorneys had agreed upon." (State's Lodging, C-8, p.1). The court issued its memorandum decision on September 9, 2008, declining to grant Petitioner's post-conviction relief. (State's Lodging C-8). Petitioner did not appeal that decision. (See State's Lodging C-9, Register of actions showing absence of appeal).

Petitioner filed his federal habeas Corpus Petition ("Petition") on August 24, 2009 (Dkt. 3), and alleged three claims: 1) he was deprived of his right to effective assistance of counsel during the post-conviction proceeding; 2) he was deprived of his right to effective assistance of counsel at sentencing when counsel failed to object to Petitioner's presentence investigation report; and 3) his right to due process of law was violated because the State did not abide by the terms of Petitioner's plea agreement. (Dkt. 3, pp. 2-3). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court preliminarily reviewed the Petition and issued its Initial Review Order dismissing Petitioner's first claim for habeas relief and ordering Respondent to file its answer or other pre-answer motion to dismiss. (Dkt. 10, p. 4).

On February 11, 2011, Petitioner filed a "Motion for Leave-to Amend the Writ FRCP" (Dkt. 15) and a "Motion for Reconsideration, FRCP" to appoint counsel (Dkt. 16). Respondent filed responses to both of Petitioner's Motions, as well as its Motion for Summary Dismissal. (Dkt. 17, 18, 19). On August 8, 2011, this Court issued an Order granting Petitioner's Motion for Leave to Amend, denying Petitioner's Motion for Reconsideration, and dismissing Respondent's Motion for Summary Dismissal without prejudice. (Dkt. 21).

**MEMORANDUM DECISION AND ORDER- 3**

Respondent refiled its Motion for Summary Dismissal on September 26, 2011 (Dkt. 22), after Petitioner failed to file an Amended Petition within the thirty day time period set forth in this Court's Order (Dkt. 21, p. 2). Petitioner has not filed any response to Respondent's Motion for Summary Dismissal, and the time to do so has long since passed.

## STANDARD OF LAW

### 1. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[2] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id*. Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by Respondent.

### 2. Statute of Limitations

The current Petition is governed by the provisions of the Anti-Terrorism and

---

[2]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

MEMORANDUM DECISION AND ORDER- 4

Effective Death Penalty Act (AEDPA), enacted in 1996. Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event occurs on the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of  "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is called "statutory tolling."

For statute of limitations purposes, a judgment becomes final when the Idaho Court of Appeals issues its remittitur, marking the expiration of the time for filing a petition for review with the Idaho Supreme Court. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling, the extraordinary circumstance must have caused Petitioner to be unable to file his

**MEMORANDUM DECISION AND ORDER- 5**

federal petition in time. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The

petitioner bears the burden of bringing forward facts to establish a basis for equitable

tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, no. 3 (9th Cir. 1999).

## DISCUSSION

Petitioner's judgment became final on September 17, 2007, when the Idaho Court

of Appeals issued its remittitur on direct appeal. (State's Lodging B-5). Because

Petitioner did not present his claims to the Idaho Supreme Court, he does not qualify for

the additional 90 days that is added for the filing of a petition for writ of certiorari with

the United States Supreme Court when one exhausts his claim through the highest state

court. *See Hemmerle*, 495 F.3d at 1073-74; Sup. Ct. R. 13. Thus, Petitioner's federal

habeas corpus statute of limitations began running on September 17, 2007.

Petitioner's federal statute of limitations was tolled (or stopped) when he filed his

state application for post-conviction relief on April 16, 2008; at the time of that filing,

212 days of the federal limitations period had passed. Petitioner's post-conviction petition

was dismissed September 9, 2008 (State's Lodging C-8), and he did not appeal that

dismissal.  Accordingly, the federal statute began running again on October 21, 2008,

which is the date that Petitioner's time to file an appeal expired, and the date when his

post-conviction case became final.[3] This means Petitioner had 153 days remaining in the

one year limitations period in which to timely file his Petition, or until Monday, March

---

[3]*See* Idaho App. R. 14 (appeal from the district court must be made within 42 days from the filing
date stamped on the court's appealable judgment or order).

**MEMORANDUM DECISION AND ORDER- 6**

23, 2009. However, Petitioner waited until August 24, 2009 - 154 days after the limitations period expired - to file his Petition. (Dkt. 3). The Petition is therefore deemed untimely.

Petitioner has not made any argument for equitable tolling, and the Court finds no factual basis that would support such an argument in the record before it. Accordingly, Petitioner's Petition is subject to dismissal with prejudice, and the Court finds Respondent's procedural default argument as to Claims 2 and 3 moot.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the two remaining claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed.  28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

**MEMORANDUM DECISION AND ORDER- 7**

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Id.* The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court within 30 days after entry of this Order, and file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 22) is GRANTED and the Petition is hereby dismissed with prejudice.

**MEMORANDUM DECISION AND ORDER- 8**

2.      The Court will not grant a Certificate of Appealability in this case. If

Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to

forward a copy of this Order, the record in this case, and Petitioner's notice

of appeal, to the United States Court of Appeals for the Ninth Circuit.



DATED: August 24, 2012

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER- 9**